IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE M. BLAKE, | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 20-2971 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                            January 12, 2022

      Suzanne M. Blake ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted.

      **I.    PROCEDURAL HISTORY**[1]

      On May 23, 2018, Plaintiff applied for DIB, alleging disability, because of physical and mental health impairments, that commenced on April 22, 2018. R. 12. The claim was denied, initially; therefore, Plaintiff requested a hearing. *Id.* On May 23, 2019, Plaintiff appeared before Malik Cutlar, Administrative Law Judge ("the ALJ"), for a hearing. *Id.* Plaintiff, represented by an attorney, and Rabia Rosen, a vocational expert, ("the VE") testified at the hearing. *Id.* On June 26, 2019, the ALJ, using the sequential evaluation process for disability, issued an unfavorable

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

decision.[2] R. 12-20. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on May 4, 2020, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on December 31, 1964, R. 19, was 54 years old on the date of the ALJ's decision. She completed high school, R. 45, and last worked in April 2018. R. 14. Plaintiff lives with a friend and the friend's two adult children. R. 49.

B.     <u>Plaintiff's Testimony</u>

Plaintiff stated that her most significant problem was her tendency to speak too quickly and too much, which tends to make people uncomfortable. R. 48. She is also impulsive and has difficulty managing money. R. 48. As a result of depression, Plaintiff has crying spells and spends

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

a lot of time sleeping.  R. 52.  Plaintiff's memory is poor; she has difficulty completing tasks.  R. 53.  She is reluctant to drive, because she gets disoriented and lost while doing so.  R. 54.

At the time of the hearing, she had been treating with Dr. Hilda for a little under a year.  R. 48.  Dr. Hilda was working to find the correct medication to manage Plaintiff's mental health condition.  R. 55.

C.      Vocational Testimony

The VE characterized Plaintiff's past restaurant manager and fast-food manager positions as light,[3] skilled[4] jobs.  R. 57.  The ALJ asked the VE to consider a hypothetical individual, having Plaintiff's age, education and work experience, who could perform:  medium[5] work,  occasionally reach overhead to the left, and frequently interact with supervisors, coworkers and the public.  R. 57.  The VE opined that this person could perform Plaintiff's past work and alternative work.  R. 57.  If the same individual was limited to light work, they still could perform Plaintiff's past work and other, alternative work, per the VE.  R. 58.  If, however, the same individual could only interact occasionally with supervisors, coworkers and the public, she would not be able to perform any of Plaintiff's past jobs.  R. 58-59.  Nevertheless, this person could perform the medium jobs of hospital cleaner (925,540 positions nationwide) and laundry laborer (428,900 positions nationwide), and the light job of linen grader (241,900 positions nationwide).  R. 59.

### III.      THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

> 1.      [Plaintiff] meets the insured status requirements of the Social

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[4] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

      Security Act through December 31, 2022.

2. [Plaintiff] has not engaged in substantial gainful activity since April 22, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: bipolar disorder; anxiety disorder; post traumatic stress disorder; and left shoulder impingement (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undesigned finds that [Plaintiff] had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except lifting and carrying fifty pounds occasionally and twenty-five pounds frequently; sitting for six hours, standing for six hours, and walking for six hours; push/pull as much as can lift/carry; occasionally lifting overhead to the left; occasionally interact with supervisors. coworkers and the public.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on December 31, 1964 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a)).

>    11.   [Plaintiff] has not been under a disability, as defined in the Social Security Act, at any time from, April 22, 2018, through the date of this decision (20 CFR 404.1520(g)).

R. 14-17, 19-20.

### IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91.

B.   <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any

medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform her past relevant work, she could perform other jobs that exist in the national economy and, hence, was not disabled. R. 12-20.  Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by:  (1)  failing to account for his finding that Plaintiff had moderate limitation with adapting and managing herself in the residual functional capacity ("RFC") assessment; (2) committing multiple mistakes when evaluating the medical opinion evidence; and (3) failing to consider Plaintiff's mental impairment when considering non-compliance as a basis

to find non-disability. Pl. Br. at 3-18. Plaintiff also argues that the appointment of the prior Commissioner, Andrew Saul, violated the separation of powers. Pl. Br. at 18-20. The Commissioner denies Plaintiff's assertions. Resp. at 3-22. This court finds that Plaintiff's first argument has merit and his second argument has some merit. Hence, the court will not address her constitutional argument.[6]

1. <u>The ALJ Failed to Account for his Finding that Plaintiff has Moderate Limitation with Adapting and Managing Herself in the RFC Assessment</u>

Plaintiff argues that the ALJ committed reversible error because he failed to make any accommodation, in the RFC assessment, for his finding that she has moderate limitation with adapting and managing herself. Pl. Br. at 3-7. As explained below, this claim has merit.

The ALJ concluded that Plaintiff was moderately limited with adapting and managing herself. R. 16. This area of mental functioning addresses a person's ability to regulate emotions, control behavior and maintain well-being in a work setting. 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.00(E)(4). Examples of this area of functioning include:

> responding to demands; adapting to changes; managing psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans independently of others; maintaining personal hygiene and attire appropriate to a work setting; being aware of normal hazards and taking appropriate precautions.

*Id.* In the RFC assessment, the ALJ did not mention Plaintiff's shortcomings in this functional area. R. 16-18. This omission is significant, because the ALJ had an obligation to consider all of Plaintiff's impairments throughout the disability determination process. 20 C.F.R. § 404.1523(c). Furthermore, this particular area of functioning has several examples which this court has frequently seen as part of RFC assessments by other ALJs, particularly adapting to changes and

---

[6] Plaintiff represents that, if she prevails on any of her non-constitutional arguments, this court need not address the constitutional argument she raises. Reply at 6.

avoiding workplace hazards.  There is no indication that the ALJ in this case considered any workplace restrictions resulting from Plaintiff's moderate limitation in adapting and managing herself.  Since this court is limited to considering the actual discussion of the evidence that the ALJ presents in his decision, *Fargnoli*, 247 F.3d at 44 n.7 (citing *S.E.C. v. Chenery*, 318 U.S. 80, 87 (1943)), it cannot consider any explanations the Commissioner now proffers.  *Id.*  Hence, the ALJ committed reversible legal error by failing to explain how Plaintiff's moderate limitation in adapting and managing herself impacts her RFC.  Upon remand, the ALJ shall explicitly consider how this limitation should, or should not, change his RFC assessment and, if necessary, pose new hypothetical questions to a VE.

   2. The ALJ Failed to Consider Properly all of the Medical Opinions of the Psychological Examiner

Plaintiff argues that the ALJ erred because he failed to accept certain opinions of the consultative examiner, Patrick McHugh, Ph.D.  Pl. Br. at 7-14.  This argument has some merit.

Plaintiff maintains that the ALJ was obligated to accept – or provide adequate reasons for rejecting – Dr. McHugh's opinions that Plaintiff had marked limitation in both her ability to interact with supervisors, coworkers and the public and to respond appropriately to usual work situations and changes in a routine work setting.  Pl. Br. at 9.  However, the ALJ explicitly provided a reason for not fully accepting Dr. McHugh's opinion that Plaintiff had marked limitation in her ability to interact with supervisors, coworkers and the public, R. 18, and, accordingly, in the RFC assessment, he limited her to occasional interaction with supervisors, coworkers and the public. R. 17.  This constitutes adequate consideration of Dr. McHugh's opinion.

The ALJ did not, however, explicitly explain why he rejected Dr. McHugh's opinions that Plaintiff had marked limitation in responding appropriately to usual work situations and changes in a routine work setting.  *See* R. 18.  As noted previously, the ALJ found that Plaintiff had

moderate impairment with adapting and managing herself; R. 16; this area of mental functioning concerns adjusting to work changes. 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.00(E)(4). As explained above, the ALJ reversibly erred by failing to incorporate limitations caused by his finding of moderate impairment into the RFC assessment. Therefore, on remand, the ALJ shall explain why he rejected Dr. McHugh's opinion finding marked limitation in this area of functioning and, instead, found only moderate limitation.

3. <u>The ALJ Considered Properly how Plaintiff Functioned when Complying with her Treatment Regimen</u>

Plaintiff argues that the ALJ failed to consider that her non-compliance with treatment may have been due to her mental health condition and, hence, partially justified. Pl. Br. at 14-17. This claim lacks merit.

The ALJ found, based on his consideration of the record evidence, that, when compliant with her medication and treatment, Plaintiff functioned well. R. 17. Plaintiff now complains that this was improper because the ALJ failed to consider that her periods of non-compliance may have been a symptom of her bipolar disorder. Pl. Br. at 15. However, Plaintiff ignores her own sworn testimony that, since she began treatment with Dr. Hilda approximately a year before the hearing, R. 48, she has been compliant with her medication and treatment. R. 55. Based on her own testimony, Plaintiff's periods of non-compliance largely pre-date the alleged onset date of April 22, 2018, hence, they are of minimal relevance to a proper determination of whether she was disabled after that date. Moreover, based on Plaintiff's testimony that she was compliant, the ALJ was justified in proceeding as if she was compliant.

An implementing order and order of judgment follow.